UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SPECTRA MEDICAL DEVICES, LLC,<br><br>Plaintiff,<br><br>v.<br><br>ANTHONY CHARLES ARRIGO,<br>ANTHONY EDWARD ARRIGO and<br>ARRIGO MEDICAL, LLC<br><br>Defendants. | Civil Action No. 22-cv-11796-ADB |

## **DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO COMPEL FORMER DEFENDANT AGUSTIN TURRIZA TO COMPLY WITH DOCUMENT SUBPOENA AND REQUEST FOR AWARD OF ATTORNEYS' FEES**

### **i. Background**

The Plaintiff Spectra Medical Devices, LLC ("Spectra") commenced this action on October 21, 2022 against Defendants Anthony Charles Arrigo, Anthony Edward Arrigo and Arrigo Medical, LLC ("Arrigo Defendants") along with Agustin Turriza ("Mr. Turriza") and Mr. Turriza's corporate entity, Stella Consulting, LLC ("Stella"). See Docket #1.

Spectra's Complaint is replete with allegations of intentional and fraudulent wrongdoing on Mr. Turriza's part. Paragraph 2(b) of the Complaint summarizes some of these allegations:

> Turriza lied and took advantage of his position of trust as a senior Spectra executive to get access to the Arrigos' company email accounts after they left the company. He used this access to perform unauthorized deletions of tens of thousands of items from the Arrigos' email accounts, including sent and received emails, many of which he not only deleted from inboxes and sent folders but also purged from recovery files in an attempt to ensure their permanent deletion. Turriza had phone conversations with Arrigo, before, after and during an approximately two hour time period on August 29, 2022, in which he deleted approximately 27,000 items from Arrigo Sr.'s email account.

See Docket #1.

The Plaintiff's lawsuit contains literally dozens of paragraphs dedicated to outlining Mr. Turriza's alleged fraudulent activities. Fourteen of the Complaint's twenty counts are directed to Mr. Turriza, including claims of fraud, conversion, civil conspiracy, breach of fiduciary duty, breach of contract and misappropriation of trade secrets, among others. Id.

A mere three weeks after the commencement of this lawsuit, and before Mr. Turriza or Stella Consulting even answered the lawsuit, Mr. Turriza, Stella Consulting and Spectra's counsel executed and filed a Stipulation of Dismissal with Prejudice dismissing all claims asserted against Mr. Turriza and Stella Consulting with prejudice. See Docket #32 (November 10, 2022).

Surprised by the Specta's complete about face, the Arrigo Defendants served a simple, straightforward and narrow Subpoena Duces Tecum ("Subpoena") upon Mr. Turriza on November 15, 2022. See Exhibit A. The records-only Subpoena sought limited information principally directed to Mr. Turriza's interactions with Spectra for the three-to-four-week period after the lawsuit was commenced (October 21, 2022). Id. The subpoena seeks, for example, copies of any statements Mr. Turriza provided to Spectra (including drafts exchanged between the parties), copies of any settlement agreement or contract executed between the parties (again, after the commencement of this lawsuit) and any remuneration exchanged between Spectra and Mr. Turriza, whether the payment was guised as "severance payment" or "bonus" payment or some other form of compensation. Id.

Plainly acting at the behest of Spectra, Mr. Turriza has refused to comply with the subpoena in any respect. He has refused to produce a single document, instead objecting to the Subpoena with a laundry-list of fifteen (15) form objections, including the claim that the Subpoena (which seeks information dating back only a matter of weeks) is "not limited in time or scope." See

Exhibit B. Notably, the objection does not argue that the materials sought through the Subpoena are irrelevant. In a Local Rule 7.1 meet and confer conference, Mr. Turriza's counsel took the patently unreasonable position that his client was unwilling to produce a single document in response to the Subpoena despite acknowledging that the information sought through the Subpoena was relevant and discoverable. Instead, Mr. Turriza's counsel contended that, despite the fact that the information sought through the subpoena resided in counsel's files (and thus served no undue burden to produce), the requested information must be procured from Spectra.

### ii. The Legal Standard

"Discovery procedures set forth in the Federal Rules of Civil Procedure seek to further the interests of justice by minimizing surprise at trial and ensuring wide-ranging discovery of information." *See In re New England Compounding Pharmacy, Inc.*, MDL No. 13-2419-FDS, 2013 WL 6058483 at *1, *3 (D. Mass Nov. 13, 2013) (quoting *Cartel Asset Mgmt. v. Ocwen Fin. Corp.*, No. 01-cv-01644, 2010 WL 502721, at *9 (D. Colo. Feb. 8, 2020)). Rule 26(b) states that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Furthermore, Rule 26 "must be 'construed broadly to encompass any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case.'" *In re New England Compounding Pharmacy Inc.*, 2013 WL 6058483, at *3 (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).

"When determining whether a subpoena duces tecum results in an undue burden on a party, such factors as the relevance of the documents sought, the necessity of the documents sought, the breadth of the request… expense and inconvenience can be considered." *Behrend v. Comcast Corp.*, 248 F.R.D. 84, 86 (D. Mass. 2008). "The party resisting discovery bears the burden of showing that the subpoena imposes an undue burden, and it 'cannot rely on a mere assertion that compliance would be burdensome and onerous without showing the manner and extent of the burden and the injurious consequences of insisting upon compliance." *In re New England Compounding Pharmacy Inc.*, 2013 WL 6058483 at *6 (quoting *Sterling Merchandising, Inc. v. Nestle, S.A.*, No. 06-1015(SEC), 2008 WL 1767092, at *2 (D.P.R. Apr. 15, 2008). Moreover, "[t]he mere availability of the documents from another source, however, does not preclude a subpoena directed to a nonparty if the party serving the subpoena can show that it is more expeditious to obtain documents from a witness." *Id.* at *7.

### iii. Argument

Mr. Turriza cannot (and does not) contend that the materials sought through the Subpoena are not relevant to this dispute. At a minimum, it would appear that Mr. Turriza has provided a sworn statement to the Plaintiff regarding his interactions with the Arrigo Defendants and about those detailed allegations set forth in the Complaint. Mr. Turriza has plainly entered into some form of an agreement with Spectra which bears directly on his ongoing relationship with Spectra, particularly where money or other valuable consideration has likely changed hands. The Arrigo Defendants are entitled to access to this information as it relates directly to the underlying allegations advanced by Spectra in its Complaint as well as Mr. Turriza's credibility as a former defendant-witness going forward in this case.

The Subpoena is likewise extremely narrow and limited in time and scope.  Effectively, the Arrigo Defendants seek documentation generated only in the past several weeks.  The information sought is generally limited to Mr. Turriza's interactions with Spectra during this limited time period, which presumably took place exclusively through counsel.  Thus, the Subpoena is unlikely to require that Mr. Turriza do anything beyond directing his counsel to review and produce those non-privileged communications (likely emails) in his files which reflect the exchange of information with Spectra's counsel, including statements, draft statements, contracts, draft contracts, and evidence and discussions of payment and other terms.  The communications may even show Spectra's direction to Mr. Turriza's counsel to actively thwart and obstruct the Arrigo Defendants' discovery efforts.  It cannot credibly be argued that the Subpoena is overly broad or unduly burdensome in any manner whatsoever.

Mr. Turriza likewise cannot avoid complying with the Subpoena simply by suggesting that the same materials are possessed by Spectra.  Again, the information sought through the Subpoena is extremely narrow and limited and is undoubtedly already possessed by Mr. Turriza's counsel.  By way of example only, Mr. Turriza's counsel certainly possesses any statements provided by Mr. Turriza to Spectra and any agreement his client executed with Spectra (including drafts exchanged with Spectra's counsel).  Those documents could be collected and produced by Mr. Turriza's counsel in a matter of minutes (or less).  There is literally no burden here and the Arrigo Defendants should not be limited to seeking this information from Spectra where the Arrigo Defendants have elected to seek this information through a simple and straightforward records only subpoena to a former co-defendant.

As Mr. Turriza himself admitted in his October 28, 2022 Motion for Clarification of Expected Discovery Order (Docket No. 28): "Basic fairness calls for Defendants to have an equal

opportunity to marshal evidence to oppose Plaintiff's anticipated motion for injunctive relief, which is predicated on Spectra's stated belief that Defendants are actively violating the restrictive covenants in the operative agreements with Plaintiff." That Mr. Turriza is now on the receiving end of such discovery requests does not change that basic proposition. There is no reason why Defendants should not be entitled to receive this potentially critical evidence nor is there any requirement that they must get it from or through an alternate source or means other than from Mr. Turriza through a documents subpoena. Per this Court's November 1, 2022 Order on Defendants' motion for clarification: "In the interests of fairness and efficiency, the Court will allow both parties to serve their discovery requests now, in advance of a Rule 26(f) conference, and will not limit the subject matter of the discovery requested." Mr. Turriza's objections, which do not even bother to give lip-service to any genuine substantive or administrative concerns about the Subpoena, appear designed solely to block Defendants' earnest and narrow discovery efforts. Perhaps such a position is the result of a settlement obligation arising out of his deal with Spectra. Whatever the case, it is contrary to the interests of fairness and efficiency upon which this Court allowed the parties to proceed with discovery prior to holding a Rule 26(f) conference.

### iv. An Award of Attorneys Fees Are Appropriate

There is no legitimate basis for Mr. Turriza to refuse to produce a single document in response to the Subpoena, particularly where he is not contending that the information requested is not relevant or discoverable. Presumably Mr. Turriza has refused to comply in any respect whatsoever at the request of Spectra, likely in order to comply with some obligation he has undertaken in the parties' recently executed (but withheld) agreement. This likely fact only makes Mr. Turriza's withholding of records all the more troubling and baseless. The Arrigo Defendants respectfully suggest that Mr. Turriza's outright refusal to comply in any respect with the Subpoena

reflects one of those rare instances where the Court would be well within its authority to sanction Mr. Turriza through an award of attorneys' fees incurred in connection with the Arrigo Defendants' preparation of this Motion.

### v. Conclusion

For the forgoing reasons, Defendants Anthony Charles Arrigo, Anthony Edward Arrigo and Arrigo Medical, LLC request that the Court order Austin Turriza to comply in all respects with the Subpoena attached hereto as Exhibit A and to pay the Arrigo Defendants attorneys' fees incurred in connection with the filing of their Motion to Compel.

Respectfully submitted,

ANTHONY EDWARD ARRIGO
ANTHONY CHARLES ARRIGO and ARRIGO MEDICAL, LLC

By their attorneys,

*/s/ Bradley L. Croft*
Bradley L. Croft (BBO #633347)
Roger L. Smerage (BBO #675388)
**RUBERTO, ISRAEL & WEINER, P.C.**
255 State Street, 7th Floor
Boston, MA 02109
(617) 742-4200 (phone)
(617) 742-2355 (fax)
blc@riw.com
rls@riw.com

David H. Rich (BBO # 634275)
drich@toddweld.com
Todd & Weld LLP
One Federal Street, 27th Floor
Boston, MA 02110
(617) 720-2626

Dated: December 2, 2022

## CERTIFICATE OF SERVICE

I, David H. Rich, hereby certify that on this 2nd day of December 2022, the foregoing document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and copies will be sent by email or U.S. Mail to those indicated as non-registered participants.

                                          */s/ David H. Rich*
                                          David H. Rich, Esq.