# EXHIBIT B



Beck Reed Riden LLP
155 Federal Street | Suite 1302
Boston | Massachusetts 02110
Tel. (617) 500-8660 | Fax (617) 500-8665
BeckReedRiden.com

Stephen Riden
Direct: (617) 500-8672
sriden@beckreed.com

November 28, 2022

**By Email**

David H. Rich, Esq.
Todd & Weld LLP
1 Federal Street, 27th Floor
Boston, MA 02110
*drich@toddweld.com*

      Re:    Objections To Subpoena To Nonparty Agustin Turriza

Dear David,

      I am writing on behalf of my client, Agustin Turriza, in connection with this matter. I am in receipt of a subpoena directed to Mr. Turriza (the "Subpoena"), issued on behalf of Anthony Charles Arrigo, Anthony Edward Arrigo, and Arrigo Medical, LLC (the "Defendants") in the action titled *Spectra Medical Devices, LLC v. Arrigo, et al.*, U.S. District Court, District of Massachusetts, Civil Action No. 22-cv-11796-ADB (the "Action"). As you know, Mr. Turriza is no longer a party to the Action. The Subpoena, dated and served on November 15, 2022, purports to require a return date of November 28, 2022.

      Pursuant to Fed. R. Civ. P. 45(d), by this letter, Mr. Turriza objects to the Subpoena on the following grounds:

## OBJECTIONS

1. Mr. Turriza objects to the Subpoena to the extent that it seeks documents which are already in the possession of Defendants and which are therefore available to Defendants at equal or less burden than to Mr. Turriza.

2. The Subpoena propounds document requests seeking documents, communications, and/or information that Spectra Medical Devices, LLC, almost necessarily should have in its possession, custody, or control. Accordingly, Mr. Turriza objects to producing any documents, information, or things that are (a) responsive to any discovery request(s) propounded by Defendants to Spectra Medical Devices, LLC; or (b) otherwise reasonably obtainable from Spectra Medical Devices, LLC, by Defendants.



3. Mr. Turriza objects to the Subpoena as overly broad, impermissibly vague, and not reasonably limited in scope or time.

4. Mr. Turriza objects to the Subpoena as unduly burdensome and on the grounds that compliance with its terms will cause Mr. Turriza undue expense. After responsive records are identified, redaction of those records may be required. The cost and time associated with such a production would unduly burden Mr. Turriza.

5. Mr. Turriza objects to the Subpoena to the extent that the Subpoena seeks the production of documents protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege.

6. Mr. Turriza objects to the Subpoena because it is premature: Although the two sides to the Action have obtained the Court's permission to conduct expedited discovery between themselves (Dkt. Nos. 27, 30), no entries appear on the docket indicating that the parties are permitted to serve third-party discovery in advance of the Rule 26(f) conference, which apparently has not yet occurred.

7. Mr. Turriza objects to the Subpoena to the extent that it purports to impose obligations on Mr. Turriza beyond those set forth in, or exceed the scope of discovery permitted under, the Federal Rules of Civil Procedure or any other rules applicable to this action.

8. Mr. Turriza objects to the Subpoena to the extent that it purports to call for production of documents not within Mr. Turriza possession, custody, or control.

9. Mr. Turriza objects to the Subpoena to the extent that it seeks documents that do not concern the subject matter of the instant action, and otherwise to the extent that it calls for production of documents which are irrelevant, immaterial, not reasonably calculated to lead to the discovery of admissible evidence, or not germane to any claim or defense in this action.

10. Mr. Turriza objects to the Subpoena to the extent that it does not provide a reasonable time for compliance considering the extent of the requests, instructions, and conditions required. In this regard, the Subpoena seeks nine different categories of documents, information and objects on November 28, 2022, which is only 13 days from the date the Subpoena was served, and the Instructions (nos. 2, 3, 4) seek to impose overly burdensome ediscovery requirements.



11. Mr. Turriza objects to the definitions contained in the Subpoena's <u>Exhibit A</u> for any terms defined in LR, D. Mass. 26.5 and will instead rely on the definition of those terms set forth in that Local Rule.

12. Mr. Turriza objects to the definitions contained in the Subpoena's <u>Exhibit A</u> for any terms defined in Fed. R. Civ. P. 34 and instead will rely on the definition of those terms as set forth in that Rule.

13. Mr. Turriza objects to the Subpoena and each instruction, definition, and request therein to the extent they attempt to impose obligations beyond those set forth in the Federal Rules of Civil Procedure and the Local Rules of the United States Court for the District of Massachusetts pertaining to responses by nonparties to Rule 45 subpoenas.

14. Mr. Turriza objects to the Subpoena to the extent that it demands a privilege log beyond that specified in LR, D. Mass. 34.1 and Fed. R. Civ. P. 45.

15. Mr. Turriza objects to the Subpoena to the extent it demands production of documents or information in violation of any contractual, legal or regulatory confidentiality obligations applicable to said requested documents or information.

Please note that, in light of the above objections, Mr. Turriza does not intend to produce or permit inspection or copying of documents or other information by the deadline stated in the Subpoena.

Sincerely,

Stephen Riden