UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SPECTRA MEDICAL DEVICES, LLC,<br><br>Plaintiff,<br><br>v.<br><br>ANTHONY CHARLES ARRIGO,<br>ANTHONY EDWARD ARRIGO and<br>ARRIGO MEDICAL, LLC<br><br>Defendants. | Civil Action No. 22-cv-11796-ADB |

**DEFENDANTS' MEMORANDUM IN SUPPORT
OF EMERGENCY MOTION FOR A PROTECTIVE ORDER TO SUSPEND
DEFENDANTS' DEPOSITIONS UNTIL SUCH TIME AS THE COURT ACTS ON
PENDING MOTION TO COMPEL (ECF NO. 37)**

**i. Background**

The Plaintiffs have noticed Anthony Charles Arrigo's deposition for December 15, 2022 and Anthony Edward Arrigo's deposition for December 18, 2022. In a transparent effort to transform the depositions into "depositions by ambush," Spectra has failed and refused to produce a sworn statement it has [evidently] recently procured from former Defendant Agustin Turriza ("Mr. Turriza") as a condition to dismissing its claims with prejudice against him. Nearly a month ago, Defendants subpoenaed such documents from Mr. Turriza, who, likely at Spectra's behest, has objected to producing the documents. Mr. Turriza's non-compliance and refusal to comply in any respect with the subpoena is the subject of a now pending Motion to Compel. See ECF Nos. 37 and 38. So too, despite the Defendants serving Spectra with a Request for Production of Documents on November 14th seeking this same information, Spectra has refused to supply the requested discovery as of yet. Spectra plainly would have been required to produce Mr. Turriza's

sworn statement through the parties' initial disclosures but the Court allowed discovery to proceed "in advance of a Rule 26(f) conference." See ECF #30.

Spectra's conduct is an improper and transparent attempt to deprive Defendants' counsel of critical information necessary to assist in preparing their clients for deposition. This fact is particularly so where Spectra's lawsuit telegraphs an intention to bring a second lawsuit against the Defendants in Delaware. Spectra's race to undertake these depositions before Defendants have even completed reviewing and producing their own documents reflects an intentional strategy to collect evidence in aid of its forthcoming Delaware lawsuit.[1] Mr. Turriza's statement is presumably available to Spectra at its fingertips and can be produced in a matter of seconds. Spectra apparently has directed Mr. Turriza not to produce it and it has refused to produce the statement solely in an effort to gain an unfair advantage at the upcoming depositions of the Defendants.

The Defendants do not seek to forestall their depositions. They remain prepared to proceed on the noticed dates so long as they receive Mr. Turriza's sworn statement at least twenty-four (24) hours prior to the commencement of the depositions. The Defendants have proceeded here on an emergency basis as Spectra's counsel revealed to their counsel at a Local Rule 7.1 conference on Friday, December 9, 2022 that Spectra would not produce Mr. Turriza's statement before the December 15th deposition and that the Defendants would need to seek emergency relief from the Court as merely filing an ordinary Motion for a Protective Order would be insufficient to forestall the depositions.

---

[1] Plainly there is no rush to proceed with discovery in this case as the Defendants assented-to the entry of an injunction against them at the outset of the case in order to maintain the status quo. See ECF #19.

The Defendants seek a fair and transparent process. There is no reason why Spectra cannot produce Mr. Turriza's statements, other than to attempt to gain some perceived advantage in these upcoming depositions. This is inequitable and should not be countenanced by the Court. Until such time as the Turriza statement is produced (either by Spectra or through the Court's action on ECF No. 37), a protective order should enter preventing the Defendants' depositions from proceeding. Upon production of the Turriza statement, the Defendants' depositions should be promptly rescheduled to a date and time convenient to the parties and their counsel.

### ii. Facts

Spectra commenced this action less than two months ago against Defendants Anthony Charles Arrigo, Anthony Edward Arrigo and Arrigo Medical, LLC ("Arrigo Defendants") along with Agustin Turriza ("Mr. Turriza") and Mr. Turriza's corporate entity, Stella Consulting, LLC ("Stella"). See Docket #1.

Spectra's Complaint asserted wide ranging claims against all Defendants, particularly Mr. Turriza. Paragraph 2(b) of the Complaint summarizes some of these allegations:

> Turriza lied and took advantage of his position of trust as a senior Spectra executive to get access to the Arrigos' company email accounts after they left the company. He used this access to perform unauthorized deletions of tens of thousands of items from the Arrigos' email accounts, including sent and received emails, many of which he not only deleted from inboxes and sent folders but also purged from recovery files in an attempt to ensure their permanent deletion. Turriza had phone conversations with Arrigo, before, after and during an approximately two hour time period on August 29, 2022, in which he deleted approximately 27,000 items from Arrigo Sr.'s email account.

See ECF #1. Plaintiff's lawsuit contains literally dozens of paragraphs dedicated to outlining Mr. Turriza's alleged fraudulent activities. Fourteen of the Complaint's twenty counts are directed to Mr. Turriza, including claims of fraud, conversion, civil conspiracy, breach of fiduciary duty, breach of contract and misappropriation of trade secrets, among others. Id.

The Complaint likewise is replete with assertions telegraphing a forthcoming, second lawsuit against the Arrigo Defendants to be filed in Delaware. The contemplated Delaware litigation concerns apparent claims surrounding the parties' October, 2021 Equity and Asset Purchase Agreement. For example, Paragraph of 38 the Complaint provides:

> 38. The EAPA, RCA, and LPA all contain forum selection clauses designating Delaware as the venue for claims relating to or arising out of those agreements. Spectra does not assert any such claims in this action, but these agreements are relevant to the instant Complaint because they provide context for the relationship between the parties and because Defendants unlawfully tried to destroy and conceal evidence of Arrigo Sr.'s and Old Spectra's fraud in connection with those agreements, and Defendants' efforts to destroy and conceal such evidence are one of the subjects of this action.

Due to the alleged "relevance" of the facts and agreements concerning the underlying the sale transaction, Spectra no doubt intends to use the Arrigo Defendants' December 15th and December 19th depositions as a vehicle to take discovery in aid of this second forthcoming lawsuit.

A mere three weeks after the commencement of this lawsuit, Mr. Turriza, Stella Consulting and Spectra's counsel executed and filed a Stipulation of Dismissal with Prejudice dismissing all claims asserted against Mr. Turriza and Stella Consulting with prejudice. See ECF #32 (November 10, 2022). Mr. Turriza, a non-American citizen threatened by this lawsuit with financial ruination and potentially having to leave the county and return with his family to his native Mexico, apparently began cooperating with Spectra. He has provided sworn testimony to Spectra, likely not limited to the core allegations set forth in the pending lawsuit but information which Spectra may use as fodder for the second Delaware lawsuit to come.

Surprised by Spectra's complete about face, approximately one month ago, the Arrigo Defendants served a simple, straightforward and narrow Subpoena Duces Tecum ("Subpoena") upon Mr. Turriza. See Exhibit A. The records-only Subpoena sought limited information

4

principally directed to Mr. Turriza's interactions with Spectra for the three-to-four-week period after the lawsuit was commenced (October 21, 2022). Id. The subpoena seeks, for example, copies of any statements Mr. Turriza provided to Spectra (including drafts exchanged between the parties), copies of any settlement agreement or contract executed between the parties (again, after the commencement of this lawsuit) and any remuneration exchanged between Spectra and Mr. Turriza, whether the payment was guised as "severance payment" or "bonus" payment or some other form of compensation. Id.

So too, on November 14, 2022, the Arrigo Defendants served a document request upon Spectra seeking similar materials. See Exhibit B. For example, the requests included:

> 66. Any statements, whether written or oral, obtained from Agustin Turriza at any time.
>
> 67. For the time period July 1, 2022 to the present, any contract or agreement executed by Agustin Turriza or his legal counsel.
>
> 68. Any drafts of any statements, whether written or oral, provided to or obtained from Agustin Turriza or his counsel at any time.

Id.

Plainly acting at the behest of Spectra, Mr. Turriza has refused to comply with the subpoena in any respect or to offer a valid reason to excuse compliance. He has refused to produce a single document, instead objecting to the Subpoena with a laundry-list of fifteen (15) form objections, including the claim that the Subpoena (which seeks information dating back only a matter of weeks) is "not limited in time or scope." See Exhibit C. Upon receipt of Mr. Turriza's objection, the Arrigo Defendants immediately filed a Motion to Compel. See ECF #37. This motion remains pending.

The Arrigo Defendants then requested that Spectra voluntarily produce the Turriza statement in advance of the forthcoming depositions. Spectra has refused, despite possessing the

statement and despite the fact that this information has been requested of it through a November 14, 2022 document request.

### ii. The Legal Standard

"Discovery procedures set forth in the Federal Rules of Civil Procedure seek to further the interests of justice by minimizing surprise at trial and ensuring wide-ranging discovery of information." *See In re New England Compounding Pharmacy, Inc.,* MDL No. 13-2419-FDS, 2013 WL 6058483 at *1, *3 (D. Mass Nov. 13, 2013); *See generally Klonoski v. Mahlab*, 156 F.3d 255, 271 (1st Cir. 1998) ("… the rules of discovery and court orders pertaining thereto would become empty phrases signifying nothing. Trial by ambush would be re-born. Enforcement of discovery rules and orders is necessary to prevent abuse by future litigants."); *In re Wizenberg*, 602 B.R. 372, 390–91 (Bankr. S.D. Fla. 2019), *adopted sub nom. Wizenberg v. Wizenberg*, 612 B.R. 454 (S.D. Fla. 2020), *aff'd sub nom. In re Wizenberg*, 838 F. App'x 406 (11th Cir. 2020) ("Bad faith can also be found by his withholding documentary evidence he claimed to be relevant prior to and throughout his deposition, and eventually submitting such documents some two weeks after his Deposition.*"); In re Chinese-Manufactured Drywall Prod. Liab. Litig.*, No. 14-2722, 2020 WL 2615914, at *3 (E.D. La. May 22, 2020) (Plaintiffs' conduct "tantamount to 'trial by ambush.'" "Plaintiffs have asked this Court to consider evidence that was previously hidden from Defendants' view. By failing to produce these documents by the close of discovery, let alone at the time they were originally requested, Defendants have been denied the opportunity to both depose Plaintiffs about their contents and address the documents in their briefings to this Court.").

The interests of justice are not served by allowing a litigant to withhold a sworn statement obtained <u>post-litigation</u> from a former Defendant as a condition to dismissing that former

Defendant from the lawsuit. Spectra undoubtedly possesses the Turriza statement and could produce it through the click of a mouse. Spectra likely has directed Mr. Turriza not to comply with the valid third-party subpoena served upon him for the sole and exclusive purpose of trying to "sandbag" the Arrigo Defendants. This is particularly the case where Spectra intends to use these depositions not merely to advance their claims in this case but to advance and discover claims which Spectra plans to bring in Delaware. There is no legitimate basis for the Arrigo Defendants to be deprived of information necessary for their counsel to meaningfully prepare their clients to be deposed and no harm whatsoever can come to Spectra by producing that which undoubtedly must be produced.

The interests of justice are best served by either (i) ordering Spectra to produce the Turriza statement at least twenty-four hours prior to the commencement of the Arrigo Defendants' depositions or (ii) entering a protective order preventing the depositions from proceeding until such time as the Court can hear and act on ECF #37, the pending Motion to Compel pertaining to the valid third party subpoena served upon Agustin Turriza weeks ago.

### v. Conclusion

For the forgoing reasons, Defendants Anthony Charles Arrigo, Anthony Edward Arrigo and Arrigo Medical, LLC request that the Court enter a protective order preventing the Arrigo Defendants' depositions from proceeding until such time as the Court can hear and act on ECF #37, the pending Motion to Compel pertaining to the valid third party subpoena served upon Agustin Turriza weeks ago. Alternatively, the Court may simply order Spectra to produce the Turriza Affidavit at least twenty-four hours prior to commencing the Arrigo Defendants' depositions.

.

7

       Respectfully submitted,

       ANTHONY EDWARD ARRIGO
       ANTHONY CHARLES ARRIGO and ARRIGO
       MEDICAL, LLC

       By their attorneys,

       */s/ Bradley L. Croft*
       Bradley L. Croft (BBO #633347)
       Roger L. Smerage (BBO #675388)
       **RUBERTO, ISRAEL & WEINER, P.C.**
       255 State Street, 7th Floor
       Boston, MA 02109
       (617) 742-4200 (phone)
       (617) 742-2355 (fax)
       blc@riw.com
       rls@riw.com

       David H. Rich (BBO # 634275)
       drich@toddweld.com
       Todd & Weld LLP
       One Federal Street, 27th Floor
       Boston, MA 02110
       (617) 720-2626

Dated: December 12, 2022

## CERTIFICATE OF SERVICE

  I, David H. Rich, hereby certify that on this 12th day of December 2022, the foregoing document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and copies will be sent by email or U.S. Mail to those indicated as non-registered participants.

       */s/ David H. Rich*
       David H. Rich, Esq.